UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

SAAP ENERGY, INC., and SAIBABU
APPALANENI,                                                                                       Plaintiffs,

and

GREENWICH INSURANCE CO., et al.,                                         Intervening Plaintiffs,

v.                                                                                  Civil Action No. 1:12-cv-98-DJH

RICKY E. BELL, et al.,                                                                           Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Intervening Plaintiff Greenwich Insurance Company has renewed its motion for summary judgment, again arguing that it owes no duty to defend its insured, Defendant Rebell Oil of KY, LLC, in this action.  (Docket No. 201)  Greenwich contends that although the Court previously determined that it was obligated to defend Rebell Oil, the subsequent amendment of the underlying complaint negated the basis for the Court's decision.  Because it is undisputed that no remaining claim gives rise to a duty to defend, the Court will vacate its earlier ruling and grant summary judgment in favor of Greenwich.

**I.**

Plaintiff SAAP Energy, Inc. alleges in this case that the defendants conspired to defraud it through a series of transactions for the sale of interests in Kentucky oil wells.  (See D.N. 34 at 2-3)  Of the various causes of action asserted by SAAP, only one is relevant here: Count 14 of SAAP's first amended complaint, which alleged a violation of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA).

Count 14 was the only count addressed in Rebell Oil's response to Greenwich's original summary judgment motion and the only count considered by the Court in its disposition of that motion. (*See* D.N. 125 at 2; D.N. 91 at 4) After reviewing Count 14 and the insurance policy between Greenwich and Rebell Oil, the Court concluded that Greenwich was obligated to defend the suit "because Rebell Oil [was] potentially liable for CERCLA violations." (D.N. 125 at 2) It granted Rebell Oil's motion for summary judgment that Greenwich had a duty to defend and denied Greenwich's motion for summary judgment that no such duty existed. (*Id.* at 13)

Since then, however, SAAP has amended its complaint to eliminate Count 14. (*See* D.N. 190 at 2) No CERCLA claim remains. Thus, Greenwich maintains, "there are no remaining counts against the Defendants that trigger Greenwich's duty to defend or indemnify the Defendants in this matter." (D.N. 201 at 4)

Rebell Oil concedes this point, offering no substantive response to Greenwich's motion. It does not deny that Count 14 was the sole source of Greenwich's duty to defend, nor does it contend that there is any other claim that would give rise to such a duty. Instead, it merely asserts—without citing any authority—that a renewed motion for summary judgment is procedurally improper. (*See* D.N. 203 at 2) Its one-page, unsupported argument is not enough to prevent summary judgment.

## II.

Contrary to Rebell Oil's suggestion, the Court has discretion to consider renewed or successive motions for summary judgment. *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000). Such motions are particularly appropriate when circumstances have changed since the initial ruling. *See id.* (citing *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995)). Here, the basis for the Court's initial ruling has disappeared: Count 14 was removed from the

2

complaint, and no CERCLA claim replaced it.  Under these circumstances, the Court finds that Greenwich's renewed motion is proper.

The Court further finds that Greenwich is now entitled to summary judgment.  Summary judgment is required if the moving party shows, using materials in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see* (c)(1).  For purposes of a summary judgment motion, the Court may consider a fact undisputed if one party makes an assertion of fact and the other party "fails to properly address" it.  Fed. R. Civ. P. 56(e).  As Rebell Oil does not contest the substance of Greenwich's argument, it thus is undisputed that there is no longer any basis to hold Greenwich liable under the policy.  And because this undisputed fact is dispositive, Greenwich is entitled to judgment as a matter of law on its intervening complaint.

### III.

No genuine dispute of material fact exists with respect to Greenwich's duty to defend Rebell Oil.  Accordingly, it is hereby

**ORDERED** as follows:

(1)     The Court's Memorandum Opinion and Order of August 22, 2013 (Docket No. 125) is **VACATED**.

(2)     Greenwich Insurance Company's Renewed Motion for Summary Judgment (Docket No. 201) is **GRANTED**.

February 18, 2015

**David J. Hale, Judge**
**United States District Court**