## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CIVIL ACTION NO. 1:12-CV-00098-HBB

**SAAP ENERGY, INC. and**
**SAIBABU APPALANENI**                                         **PLAINTIFFS**

**V.**

**I.A.T., INC.**                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the motion of Plaintiff SAAP Energy, Inc. ("SAAP") to disqualify Danny J. Basil as counsel for Defendant I.A.T., Inc. ("IAT") (DN 433). IAT has not filed a Response,[1] and the motion is ripe for ruling.

### FACTS OF THE CASE

In 2009, Martin Kleinman ("Martin") incorporated Falcon Energy Group, Inc. to raise money from investors for drilling and reworking oil and gas wells (DN 34, ¶ 17). Martin and Falcon Energy entered into a joint venture agreement with Ricky Bell ("Ricky") and Ricky's Rebell Oil businesses to raise money for Ricky and Rebell Oil's drilling and reworking operations (Id. ¶ 18). In July 2011, Martin met with associates of Capital Business Solutions and agreed that Capital Business Solutions would create online solicitations to attract potential oil and gas lease and well investors (Id. ¶¶ 19-20). After this meeting, Martin, Ricky, and Ricky's brother Max Bell ("Max") allegedly "began to compile false information" for Capital Business Solutions to use in its solicitations (Id. ¶ 21).

---

1 Although LR 7.1(c) provides that failure to timely respond to a motion may be grounds for granting the motion, the undersigned will nevertheless evaluate the motion on the merits.

Saibabu Appalaneni first learned of the solicitations in September 2011 (Id. ¶ 24). This sparked conversations with Capital Business Solutions, Martin, Ricky, and Max about buying rights to oil leases (Id. ¶¶ 24-29). Appalaneni was informed that Danny Basil, a lawyer, could help Appalaneni with certain legal matters related to the oil lease purchases (Id. ¶ 33). Basil then assisted Appalaneni in creating Plaintiff SAAP Energy, Inc., the entity that would hold the purchased leases (Id. ¶ 34).

The first purchases occurred in October 2011 (Id. ¶ 39). Appalaneni, on SAAP's behalf, met with Basil to close on three sets of leases (Id. ¶¶ 39, 40, 44, 62). In November 2011, Plaintiff closed on the North Edmonton lease assignments (DN 34 ¶ 72). In January 2012, Plaintiff closed on the Green County leases (Id. ¶¶ 77, 79; DN 123 ¶ 75).

Plaintiff alleges that Ricky, individually and through Rebell Oil, provided "bogus" profit and oil production information to attract buyers for the leases (DN 34 ¶ 16). After the sales were complete, Ricky would increase profits by servicing the oil wells at "inflated costs, under the guise that the work would drastically improve production while transferring the environmental and permitting liabilities to the investors" (Id.). Plaintiff alleges that that IAT was either a part of, or benefitted from, Ricky's scheme (Id.).

Following a settlement conference with the undersigned, the Court approved a consent judgment, entitling Plaintiffs "to recover from the Defendants, Ricky E. Bell, Rebell Oil of KY, LLC, and Rebell Oil of KY, Inc., jointly and severally, a judgment" for $9,861,151.20 at 12% interest until satisfied (DN 378 ¶ 1). Since then, with the exception of IAT, Plaintiffs have either settled or voluntarily dismissed their claims against the other defendants.

During the time Basil was a defendant in the action, he was represented by counsel. Scott Bachert has represented IAT since filing its Answer in 2013 (DN 138). Following a settlement

conference with the undersigned, Basil and SAAP reached an agreement, and, on October 7, 2021, the Court dismissed the claims against Basil (DN 421). On October 28, 2021, Basil entered his appearance as co-counsel for IAT (DN 423).

## PLAINTIFF'S MOTION

SAAP now moves to disqualify Basil as counsel under Kentucky's SCR 3.130(3.7)(a), which forbids an attorney from acting as an advocate at trial where the attorney is likely to be a necessary witness, unless certain exceptions apply. SAAP notes that Basil was a stockholder, officer, and director of IAT during the time relevant to the lawsuit (DN 433, p. 1). SAAP further contends that Basil, on behalf of IAT, participated in the transfer of leases from IAT to SAAP, including the "Waters Lease" transferred from IAT to Ricky Bell, and which transfers are the subject matter of the litigation (Id.). SAAP contends that Basil "possesses substantial personal knowledge of the transfer of the oil drilling leases which are the subject of the dispute, as his company, and Danny J. Basil individually, helped negotiate the terms thereof" (Id. at p. 3). During a telephonic status conference on November 17, 2021, SAAP inquired if Basil anticipated testifying on behalf of IAT at trial, and he confirmed that he planned to offer testimony. SAAP asserts that it also expects to call Basil as a hostile witness (Id at p. 2).

SAAP recognizes that disqualification of opposing counsel when called as a hostile witness gives rise to a more stringent standard, lest the party "attempt to call opposing lawyers as witnesses simply to disqualify them" (Id. at p. 3) (quoting Zurich Ins. Co. v. Knotts, 52 S.W.3d 555, 560 (Ky. 2001)). This heightened standard looks to multiple considerations: (a) whether the testimony is important to the adverse party's proof at trial; (b) there is any probability that the attorney's testimony will conflict with that of other witnesses; and (c) the information is unattainable from other sources. Zurich, 52 S.W.3d at 560. SAAP states that Basil is a "necessary witness" in the

case and his knowledge goes to the fundamental facts of the transactions between the parties. SAAP also asserts that IAT has adequate time to secure replacement counsel. Moreover, SAAP argues, Basil has indicated that he will appear as a witness on IAT's behalf and, as such, a less stringent standard should be applied in determining if he should be disqualified.

## DISCUSSION

Attorneys practicing before this Court are bound by the Rules for Professional Conduct as adopted by the Kentucky Supreme Court and, as such, this Court applies those rules in determining if an attorney should be disqualified as counsel. Altenhofen v. Southern Cent. Gas Pipeline, Inc., No. 4:20-CV-00030-JHM, 2020 U.S. Dist. LEXIS 219070, *3 (W.D. Ky. Nov. 23, 2020). SCR 3.130(3.7) states:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

SCR 3.130(3.7)(a)(1)-(3). The Court has broad discretion when deciding whether an attorney should be disqualified; however, disqualification is a "drastic measure" that should be imposed only when absolutely necessary. Altenhofen, 2020 U.S. Dist. LEXIS 219070, at *2. This is because it "separates a party from the counsel of its choice with immediate and measurable effect." Id. (quoting Zurich, 52 S.W.3d at 560)). The purpose of the Rule is to reduce the risk of confusion over whether statements made by an advocate also serving as a witness represent proof or an analysis of the proof.[2] SCR 3.130(3.7), cmt. (2).

---

2  Trial in this case will be a bench trial. There is authority for the proposition that when a judge, rather than a jury, serves as the finder of fact, it may be less likely that a judge will be confused about whether the attorney's statements are testimony or advocacy. See First Tech. Capital, Inc. v. JPMorgan Chase Bank, N.A., No. 5:12-

Although SAAP has indicated it will call Basil as an adverse witness, the undersigned need not apply the stricter standard discussed in Zurich because IAT has indicated that it intends to have Basil testify on its behalf on direct examination. Instead, the Court must balance the interests of IAT and SAAP. "Whether the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses." Id. at cmt. (4). SAAP represents that Basil's testimony is critical to the central issue of the case as to whether IAT was part of a scheme to defraud SAAP. Since both parties indicate he will be offering testimony, it is clear that Basil will testify as to disputed facts in conflict with other witnesses. As noted, IAT has not offered any opposition to SAAP's motion.

This leaves only the question of whether any of the exceptions under the Rule apply. The testimony does not relate to uncontested issues, nor does it involve the nature and value of legal services rendered in the case. As to whether Basil's disqualification will work a substantial hardship on the IAT, SAAP asserts it will not. IAT has not filed a Response, and therefore SAAP's assertion stands unrebutted. Moreover, the undersigned is guided by the commentary to the Rule that "[i]t is relevant that one or both parties could reasonably foresee that a lawyer would probably be a witness." Id. at cmt. (4). This case has been pending for nine and one-half years, and Basil has been involved as a party since the outset (DN 1). IAT has been involved in the case for over eight years (DN 123). It is difficult to conceive that IAT has not long-known that Basil would likely be a witness on its behalf at trial. Moreover, IAT is represented by co-counsel Bachert who

---

CV-KSF-REW, 2013 U.S. Dist. LEXIS 201065, *4 (E.D. Ky. Sept. 9, 2013); *see also* Saline River Props, LLC v. Johnson Controls, Inc., No. 10-10507, 2011 U.S. Dist. LEXIS 11944, *8 (E.D. Mich. Oct. 17, 2011). However, IAT has not advanced this argument nor provided the Court any analysis of the anticipated testimony which might provide justification for disregarding the otherwise clear rule. The rule itself makes no distinction.

has been involved in the case since 2013.  Consequently, this case does not present a situation in which a party is left scrambling to secure new counsel at the eleventh-hour.

## ORDER

**WHEREFORE**, the motion of Plaintiff SAAP Energy, Inc. to disqualify Danny J. Basil as counsel for Defendant IAT, Inc. (DN 433) is **GRANTED**.  Danny J. Basil is disqualified from appearing as counsel on behalf of Defendant IAT, Inc.

January 3, 2022

H. Brent Brennenstuhl
United States Magistrate Judge

Copies: Counsel of Record